Jasen, J.
The parties own adjoining farm lands in the Town of Deposit, Delaware County. A 10-acre parcel of vacant land lying between their properties is the subject of this action to establish title pursuant to article 15 of the Real Property Actions and Proceedings Law.
After a trial without a jury, the County Court adjudged that neither party had established title by deed, that the plaintiff failed to establish title by adverse possession and, implicitly at least, that the defendant was entitled to possession. The Appellate Division unanimously reversed, on the law and the facts, and directed judgment for the plaintiff on the ground that title by adverse possession had been shown. The defendant’s appeal is before us as of right. (CPLR 5601, subd. [a].)
Acquisition of title by adverse possession derives historically from the early English statutes limiting actions to recover land. Truly Statutes of Limitation, their purpose was ‘ ‘ for quieting of men’s estates, and avoiding of suits (Statute of Limitations, 21 Jac. I, ch. 16). The necessary effect, by barring the real owner’s right to recover his property, is, of course, to extinguish his title and make absolute the wrongful possessor’s.
Actual possession adverse to the true owner for the statutory period is required before title will vest. In qualifying the character of the possession required at common law, it is usually said that it must be hostile and under claim of right, actual, open and notorious, exclusive and continuous. (E.g., Belotti v. Bickhardt, 228 N. Y. 296, 302.) Reduced to its essentials, this means nothing more than that there must be possession in fact of a type that would give the owner a cause of action in ejectment against the occupier throughout the prescriptive period. (See, generally, 3 American Law of Property, § 15.3.) To be sure, there are additional statutory requirements as well, whether the possession is under written instrument (Real Property Actions and Proceedings Law, §§ 511, 512) or under claim of title not written (§§ 521, 522).
In the case before -us, we find ample support in the record for the conclusion reached by the Appellate Division that the common-law requirements for acquisition of title by adverse pos *637 session were satisfied. There was testimony that from about 1945 or 1946 to 1961, the 10-acre parcel had been in continuous farming use under the direction and control of plaintiff’s predecessors, in conjunction with their tenancy and then ownership of the adjoining parcel. There was additional testimony that when they purchased the adjoining parcel in 1956, the boundary lines, as pointed out, included the disputed 10 acres. The testimony of the attorney for the estate from which they purchased tendedlo confirm this. The plaintiff also accounted for use of the disputed land following his purchase in 1961. He testified that the land was posted and rented to a hunting club and that a part was rented for pasturage and haying. Also, there was evidence of fencing and substantial enclosure in conjunction with all these uses, thus satisfying the statute. (Real Property Actions and Proceedings Law, § 512.)
Because the plaintiff was in possession for less than 15 years,* it was necessary for him to tack his adverse possession to that of his predecessor to satisfy the applicable statutory period. (Former Civ. Prac. Act, § 34.) The question arises whether this was proper because the parcel adversely possessed was not within the description of the deed to the plaintiff.
The rule is that successive adverse possessions of property omitted from a deed description, especially contiguous property, may be tacked if it appears that the adverse possessor intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed. (Belotti v. Bickhardt, 228 N. Y. 296, 303, 308, supra; Adverse Possession — Tacking, Ann., 17 ALR 2d 1128, 1131-1132; 3 Ajnerican Law of Property, § 15.10.) Because the possessory title is entirely an incident of the adverse holder’s possession, transfer of that possession, even by parol, effects a transfer of the possessory interest. (3 American Law of Property, § 15.10.) The circumstances of this case are entirely consistent with a finding that plaintiff’s predecessors intended to and actually turned over their possessory interest in the 10-acre parcel. Hence, the tacking was proper.
*638 Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Gabbielli, Jones, Wachtleb, Babin and Stevens concur.
Order affirmed, with costs.

 Plaintiff’s deed is dated October 16, 1961. The controversy with respect to title arose some seven years later.