■ JAMES M. MASTIN et al., Appellants, v VILLAGE OF LIMA, Respondent. — Judgment unanimously affirmed, with costs. Memorandum: Plaintiffs seek the removal of a village water tower and other improvements which they allege were constructed on their property and they also ask for damages in trespass and nuisance. We previously held the case, reserved decision, and remitted the matter because the trial court failed to make factual findings. We said that "[a]bsent findings of fact in support of the court's conclusion, it is impossible to determine which elements of adverse possession, or of the doctrine of practical location, were lacking." (*Mastin v Village of Lima,* 77 AD2d 786, 787.) The facts of this case appear in that decision. Before us are the findings of the court to support its conclusion that plaintiffs failed to establish title to the disputed area. Plaintiffs have the burden of proving by clear and positive evidence that there was, among other things, actual possession of the disputed property for a continuous 10-year period (see *Van Valkenburgh v Lutz,* 304 NY 95, 98; *Canfield v Luther Forest Corp.,* 75 AD2d 671; see, also, *Beutler v Maynard,* 80 AD2d 982; 2 NY Jur, Adverse Possession, § 8, p 41). They must show that the land has been cultivated or improved, or that it has been protected by a substantial enclosure (RPAPL 522). Proof that the grass has been cut exclusively by plaintiff may be sufficient to establish the statutory requirement of cultivation in view of the character of the disputed property (see *Ramapo Mfg. Co. v Mapes,* 216 NY 362, 372; *McCosker v Rollie Estates,* 7 AD2d 865, 866). In this case the proof is slim at best, regarding whether the disputed property was ever mowed by the Algers. Mr. and Mrs. Chatterton never specifically testified

that the Algers mowed the disputed strip of land in the side yard. Nor was there any proof that the Algers protected the property with a fence. "In order to decide whether or not the judgment should stand, it is necessary to examine the record to determine if the proof therein sustains the findings and conclusions of the trial court, and in doing so that proof is given the view most favorable to sustain the judgment." (*Van Roo v Van Roo,* 268 App Div 170, 172.) The record sustains the trial court's conclusion that plaintiffs did not meet their burden of proving continuous actual possession in title for the statutory period. Proof of possession by the Algers can only be inferred from the evidence, which in this case is insufficient to meet the standard of clear and convincing evidence (see *Van Valkenburgh v Lutz,* 304 NY 95, *supra*). (Resubmission of appeal from judgment of Supreme Court, Livingston County, Fritsch, J. — dismiss causes of action.) Present — Dillon, P. J., Simons, Hancock, Jr., Moule and Schnepp, JJ.