■ JEROME H. RUSOFF et al., Respondents, v LEROY ENGEL et al., Appellants, et al., Defendants. — In an action by plaintiffs, *inter alia,* to be declared the owners of certain property as a consequence of their adverse possession of the property, in which appellants counterclaimed for ejectment, the appeal is from a judgment of the Supreme Court, Westchester County (Slifkin, J.), dated July 22, 1981, which, after a nonjury trial, was in favor of the plaintiffs and dismissed the counterclaim. Judgment reversed, on the law, and new trial granted, with costs to abide the event. Trial Term determined that the elements of adverse possession had been established by a preponderance of the evidence. Adverse possession must be established by the more stringent and demanding standard of clear and convincing proof (*Van Valkenburgh v Lutz,* 304 NY 95; *Gerwitz v Gelsomin,* 69 AD2d 992; *Whiffen v Deymark Corp.,* 128 NYS2d 757; see 2 NY Jur 2d, Adverse Possession, § 8). This use of an erroneous standard of proof requires reversal. In light of the sharply conflicting trial testimony and the unique position of the trial court in assessing credibility, the correct course is to send this matter back for a new trial. Damiani, J. P., Titone, Weinstein and Bracken, JJ., concur.

■ SECURITY FEDERAL SAVINGS AND LOAN ASSOCIATION OF STATEN ISLAND, Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant, et al., Defendants. — In an action to recover the proceeds allegedly due on two fire insurance policies, defendant New York Property Insurance Underwriting Association appeals from an order of the Supreme Court, Richmond County (Rubin, J.), dated May 5, 1981, and amended by a further order of the same court dated June 5, 1981, which granted plaintiff's motion for partial summary judgment as to the cause of action against defendant New York Property Insurance Underwriting Association. Order reversed, with $50 costs and disbursements, and motion for summary judgment denied. On this record, it cannot be said as a matter of law that no triable issues of fact exist. There is evidence in the record which raises a fact question as to whether the fire at the insured premises occurred while there was a "change of * * * occupancy or [an] increase of hazard" which was within the knowledge of the plaintiff. O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.