■ FLORENCE PALAZZOLO et al., Respondents, v MALBA ESTATES, INC., Appellant, et al., Defendant.—In an action, *inter*

*alia,* for a judgment declaring the plaintiffs to be the fee owners of disputed property by adverse possession, the defendant Malba Estates, Inc. (hereinafter Malba Estates) appeals from a judgment of the Supreme Court, Queens County (Hyman, J.), dated February 28, 1984, which, *inter alia,* (1) declared that the plaintiffs have fee title by adverse possession in a strip of property between its record boundary and Malba Estates, Inc.'s retaining wall and a prescriptive easement in the wall for lateral support, and (2) awarded them a permanent injunction against alteration or removal of the retaining wall by the defendant Malba Estates.

Judgment affirmed, without costs or disbursements.

A retaining wall was built on the property in question some 50 years before it was purchased by the defendant Malba Estates, Inc. Apparently, the wall was constructed when the elevation of the property on which it stood was reduced to street level for construction of a gasoline station, sometime around 1930. The record property line between that property and the property to the west of it lies some 10 to 12 inches west of the retaining wall. The plaintiffs were deeded the property to the west of the gasoline station in 1974; their predecessor in interest had purchased the property in 1941. The evidence indicates that the plaintiffs and their predecessors in interest had, for the statutory period *(see,* former Civ Prac Act § 36), incorporated the 10- to 12-inch wide strip of land between the retaining wall and their record property line as part of their driveway, filling the driveway, including the strip, with gravel, cobblestones, bricks and cinders, and ultimately paving it.

The record supports the conclusion of the trial court that the plaintiffs proved that they had a prescriptive easement in the wall for lateral support. Additionally, contrary to the appellant's contention, remarks and questions by the trial court did not demonstrate bias which would have affected the court's determination. Mollen, P. J., Rubin, Eiber and Kooper, JJ., concur.