■ GOLDEN HAMMER AUTO BODY CORP., Appellant, v CONSOLIDATED RAIL CORPORATION, Respondent.—In an action for a judgment declaring that the plaintiff is the owner by adverse possession of a certain parcel of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated May 27, 1988, which denied its motion for

summary judgment, and which directed the plaintiff to join the Commissioner of the New York State Department of Transportation as a party.

Ordered that the order is reversed, on the law, with costs, the motion is granted, it is declared that the plaintiff is the owner of the parcel in question by adverse possession, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment.

The record reflects that the plaintiff acquired real property known as 74-35 Grand Avenue, Elmhurst, New York, on April 7, 1965. The plaintiff's moving papers indicate that immediately upon acquiring its property it began using the defendant's adjoining land for the business of repairing customers' vehicles. It is also unrefuted that the plaintiff constructed an iron and steel fence around the property, and asserted its ownership by cutting the grass and trimming other foliage, as well as leveling and paving the area and maintaining it. In an affidavit by the plaintiff's treasurer in support of the motion for summary judgment, it was noted that following the construction of the enclosure, the area continuously and exclusively has been utilized by the plaintiff, and the entrance gate to this area is locked at all times except when used by the plaintiff for its business activities. It was also noted that the plaintiff never sought or obtained any permission from the defendant or its predecessors to occupy this land. The record also contains affidavits from two businessmen in the area who attested to the fact that for over 20 years the fenced-in area has been utilized by the plaintiff and that at no time did they observe the property being used by anyone other than the plaintiff.

The record indicates that the plaintiff has established the common-law elements of adverse possession. Its proof established that it has occupied the subject parcel since it purchased its property in 1965 and that the possession of the defendant's property was hostile, under claim of right, actual, open, notorious, exclusive and continuous (see, Belotti v Bickhardt, 228 NY 296). Further, the plaintiff has satisfied the statutory mandates of RPAPL 522 since it cultivated and improved the land by leveling the area, removing the natural growth and paving the area, as demonstrated in the photographs submitted with the motion papers.

It is well settled that to defeat a motion for summary judgment, the opponent of the motion must present evidentiary facts sufficient to raise a triable issue of fact. Mere conclusory allegations will not suffice (see, Rotuba Extruders v

*Ceppos,* 46 NY2d 223; *Freedman v Chemical Constr. Corp.,* 43 NY2d 260; *Federal Deposit Ins. Corp. v Hyer,* 66 AD2d 521). In the case at bar, the defendant has utterly failed to refute the plaintiff's proof. The defendant's vague and conclusory allegations that it or its predecessors in title *"may"* have built the fences enclosing the parcel or granted the plaintiff a license to utilize the premises is insufficient to defeat the plaintiff's motion. Also unavailing is the defendant's assertion that it has been using the property, as the photographs submitted show that the area is enclosed with fences and a locked gate and the plaintiff's moving papers establish that no one other than the plaintiff utilized the premises.

Since the subject property is only 153 feet at its longest point and the acquisition by the plaintiff of this abandoned property will not make adjoining rights-of-way noncontiguous, the property is exempt from the State's preferential rights under Transportation Law § 18 (6) (b). Thus, the court incorrectly directed the plaintiff to make the Commissioner of the New York State Department of Transportation a party to this action. Brown J. P., Kooper, Harwood and Rosenblatt, JJ., concur.