(December 11, 1989)

■ HENRY BIRNBAUM et al., Respondents, v PHILIP BRODY et al., Appellants, et al., Defendants.—In an action pursuant to RPAPL article 5 to determine a claim of title to certain property, the defendants Philip Brody, Martin Brody, R.B.M. 16th Ave. Corp., and L.B. Associates appeal from a judgment of the Supreme Court, Kings County (Cohen, J.), dated April 15, 1988, which, after a nonjury trial, awarded title to the plaintiffs by adverse possession.

Ordered that the judgment is affirmed, with costs.

The plaintiffs Henry and Resi Birnbaum claim title by adverse possession to an approximately 21-foot-by-16-foot parcel of land located directly behind the one-family home in Kings County which they purchased on August 31, 1971. The record establishes that since 1958 the disputed parcel has been enclosed by a chain link fence which runs along the eastern and western sides of the plaintiffs' lot to a concrete garage and wall on the southern side of the parcel claimed by adverse possession. The plaintiffs' predecessor in title planted grass and installed swings in this enclosed backyard area, and since 1971 the plaintiffs have cut the grass and maintained the shrubbery and flowers in the backyard. Since their purchase of the premises 18 years ago, the plaintiffs have also replaced the original swing set on the disputed parcel and have placed additional playground equipment, lawn chairs, and tables on the site.

RPAPL 522 provides that one seeking to obtain title by adverse possession on a claim not based upon a written instrument must show actual occupation of the premises which requires proof that the parcel has been "usually cultivated or improved" (RPAPL 522 [1]) or "protected by a substantial inclosure" (RPAPL 522 [2]; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118). The type of cultivation or improvement sufficient to satisfy the statute will vary with the character, condition, location and potential uses for the property *(see, Ramapo Mfg. Co. v Mapes,* 216 NY 362, 372-373; *City of Tonawanda v Ellicott Cr. Homeowners Assn., supra),* and proof that grass on the property has been cut exclusively by the party seeking adverse possession may be sufficient to satisfy the statutory requirement of cultivation

in view of the character of the disputed property *(see, Ramapo Mfg. Co. v Mapes, supra; Mastin v Village of Lima,* 86 AD2d 777; *McCosker v Rollie Estates,* 7 AD2d 865, 866). In view of the size and character of the subject parcel, we agree with the Supreme Court that the unrefuted evidence in the record which establishes that the plaintiffs have maintained the grass, shrubbery and flowers in the backyard area and have further installed and maintained playground equipment for their children is sufficient to satisfy the usual cultivation or improvement requirements of RPAPL 522 (1) *(see, Woodrow v Sisson,* 154 AD2d 829; *Golden Hammer Auto Body Corp. v Consolidated Rail Corp.,* 151 AD2d 545; *Bradt v Giovannone,* 35 AD2d 322).

In addition, although the chain link fence which runs along the eastern and western sides of the subject parcel is slightly less than three feet in height, in light of the character of the property and the nature of the plaintiffs' use, we conclude that the parcel was substantially enclosed as required by RPAPL 522 (2) *(see, Golden Hammer Auto Body Corp. v Consolidated Rail Corp., supra; Bradt v Giovannone, supra; Bassett v Nichols,* 26 AD2d 569; *Knowles v Miskela,* 11 AD2d 589).

We have examined the defendants' remaining contentions and find that they are without merit. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.