■ ADOLPH M. ORLANDO et al., Appellants, v OTTO EGE et al., Respondents.—In a proceeding to compel the respondents to allow the petitioners to enter upon a portion of the respondents' real property in order to erect a fence, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered November 2, 1988, which, after a nonjury trial, found that the property upon which the petitioners seek to erect the fence has been acquired by the respondents by reason of adverse possession and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly concluded that the respondents sustained their burden of proving by clear and convinc-

ing evidence (see, *Van Valkenburgh v Lutz,* 304 NY 95; *Rusoff v Engel,* 89 AD2d 587; *Mastin v Village of Lima,* 86 AD2d 777) that they acquired ownership of the disputed area by adverse possession by reason of the existence of a substantial inclosure around the area since 1967 (see, RPAPL 522 [2]; *see, e.g., Birnbaum v Brody,* 156 AD2d 408; *Golden Hammer Auto Body Corp. v Consolidated Rail Corp.,* 151 AD2d 545). Moreover, even if we were to accept the petitioners' claim that the disputed area was not substantially inclosed until a higher fence was installed in the summer of 1975, the record unequivocally demonstrates that this second fence was in place for more than 10 years before the petitioners asserted any claim of ownership of the property (see, RPAPL 311). Additionally, while a determination of the issue is not essential to our conclusion, it further appears that the respondents' activities with regard to the narrow strip of property, including the periodic replacement of gravel, maintenance, fencing and eventual paving of the area, constituted usual cultivation or improvement of the property for adverse possession purposes (see, RPAPL 522 [1]). Inasmuch as all of the elements of adverse possession have been established herein (see, e.g., *Spiegel v Ferraro,* 73 NY2d 622; *Palazzolo v Malba Estates,* 118 AD2d 841), the trial court properly dismissed this proceeding in which the petitioners sought leave to enter upon the respondents' property to erect a fence inclosing the disputed area within the petitioner's property.

Insofar as the petitioners contend that the text of the judgment in this case lacks adequate specificity, we note that no similar objection was raised at the trial level, and that the proper vehicle for obtaining the relief sought is a motion addressed to the trial court to amend or resettle the judgment. Mangano, P. J., Thompson, Sullivan and Rosenblatt, JJ., concur.