■ 643 Coster Street Realty, Inc., Respondent, v Acsun Realty Co., Inc., Appellant.—Order and judgment (one paper), Supreme Court, Bronx County (Barry Salman, J.), entered February 21, 1991, which, *inter alia,* granted plaintiff's motion for summary judgment and awarded it immediate and exclusive possession of, and title to, a disputed parcel of land, unanimously modified, on the law, to deny said motion and, except as thus modified, affirmed, without costs or disbursements.

By this action, commenced in late 1989, more than twelve years after it acquired title to premises known as 643 Coster

Street, located in the Hunts Point section of the Bronx, plaintiff seeks to establish title, by adverse possession, to a 1,300 square foot strip of undeveloped land without street frontage, known as "Area 1", situated behind and to the west of plaintiff's premises. By deed dated August 23, 1985, defendant became the record owner in fee of a parcel of land which includes the disputed Area 1. Plaintiff alleges that it has been in continuous, exclusive and adverse possession of Area 1, cultivating the land and/or protecting it by a substantial inclosure, thereby satisfying the statutory standard for adverse use. (See, RPAPL 521, 522.) The IAS court, in the disposition of the parties' cross-motions for summary judgment, agreed and awarded plaintiff the immediate and exclusive possession of the disputed area, free and clear of any lien, claim, right, interest or easement on defendant's part. Since we believe that this is a matter which does not lend itself to a summary disposition and that there are issues of fact warranting a trial, we modify to deny plaintiff's motion.

"Actual possession adverse to the true owner for the statutory period is required before title will vest. In qualifying the character of the possession required at common law, it is usually said that it must be hostile and under claim of right, actual, open and notorious, exclusive and continuous * * * Reduced to its essentials, this means nothing more than that there must be possession in fact of a type that would give the owner a cause of action in ejectment against the occupier throughout the prescriptive period." (Brand v Prince, 35 NY2d 634, 636.) The party claiming title by adverse possession must establish his claim by clear and convincing evidence. (Rusoff v Engel, 89 AD2d 587.) That standard was not met here. In order to prevail plaintiff had to show that the adverse possession existed for the statutory period, which is presently ten years. (See, RPAPL 511.) In its submissions, in that connection, plaintiff contends that the disputed area was substantially inclosed by a wooden fence long before its acquisition of 643 Coster Street in 1977. It is undisputed that in 1985 plaintiff installed a chain-link fence after a burglar had broken into its premises by using the disputed area to gain access. Yet, a reading of the deposition testimony fails to satisfy us by the requisite standard that the "rickety wooden fence", replaced by the chain-link fence in 1985, constituted a substantial inclosure as a matter of law so as to satisfy the statute. Nor does this record disclose the requisite proof, beyond the self-serving statements of plaintiff's principals, that the disputed area was "usually cultivated or improved"

since 1977. The 1989 photographs depicting such cultivation were obviously taken for purposes of litigation. We believe that the issues presented here can only be resolved at trial. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Smith, JJ.