■ WILLIAM H. MORRIS, Respondent, v EUGENE DeSANTIS et

al., Appellants, et al., Defendants.—In an action, *inter alia,* for a judgment declaring that the plaintiff is the owner of certain property as a consequence of adverse possession, the defendants Eugene DeSantis and Helen DeSantis appeal from (1) an order of the Supreme Court, Nassau County (Wager, J.), entered April 5, 1990, which granted the plaintiff's motion for summary judgment on his claim of title and ordered a hearing to determine the legal boundaries of that property and (2) a judgment of the same court entered June 11, 1991, which made the declaration and determined the boundaries of the property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In 1972 the plaintiff William H. Morris erected a six foot high chain link fence on his property with which he also unknowingly enclosed a portion of his neighbors' property. For more than 17 years the fence stood in the same location. In 1989 the defendants Eugene and Helen DeSantis, who, in 1987, some 15 years after the fence was erected, had purchased the neighboring parcel from its prior owner and resident, removed the entire length of Morris's fence which encroached upon their property and erected a split rail wooden fence along the correct property line.

Morris commenced this action, *inter alia,* to be declared the owner by virtue of adverse possession of that portion of the DeSantis's property which was enclosed by his fence prior to its removal. Morris then successfully moved for summary judgment on this issue. Ultimately a judgment was entered determining the legal boundaries to the disputed parcel of land which Morris acquired by adverse possession.

Under RPAPL 522, a party seeking to obtain title by adverse possession on a claim not based upon a written instrument must show that the parcel was either "usually cultivated or improved" (RPAPL 522 [1]) or "protected by a substantial inclosure" (RPAPL 522 [2]; *see, Manhattan School of Music v Solow,* 175 AD2d 106; *City of Tonawanda v Ellicott*

*Cr. Homeowners Assn.*, 86 AD2d 118; *see also, Birnbaum v Brody*, 156 AD2d 408). In addition, a party must satisfy the common-law requirement of demonstrating that the possession of the parcel was hostile, under claim of right, open and notorious, exclusive and continuous for a period of 10 years or more *(see, Belotti v Bickhardt*, 228 NY 296, 302; *Manhattan School of Music v Solow, supra; City of Tonawanda v Ellicott Cr. Homeowners Assn., supra; see also, Van Gorder v Master-planned, Inc.*, 78 NY2d 1106).

In the present case the Supreme Court properly concluded that Morris sustained his burden of proving by clear and convincing evidence *(see, 643 Coster St. Realty v Acsun Realty Co.*, 174 AD2d 473; *Van Valkenburgh v Lutz*, 304 NY 95; *Orlando v Ege*, 167 AD2d 336; *Rusoff v Engel*, 89 AD2d 587; *Mastin v Village of Lima*, 86 AD2d 777) that no issues of fact existed *(see, Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 341; *Computer Strategies v Commodore Business Machs.*, 105 AD2d 167, 175; *Zuckerman v City of New York*, 49 NY2d 557) with regard to his adverse possession of the disputed strip of land. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.