■ MARK OISTACHER et al., Respondents, v NORMAN ROSEN-BLATT et al., Appellants. [631 NYS2d 935] —In an action, inter alia, to adjudge the plaintiffs the lawful owners, by adverse possession, of a certain triangular parcel of real property, the defendants appeal from a judgment of the Supreme Court, Nassau County (Feuerstein, J.), dated March 23, 1994, which, after a nonjury trial, is in favor of the plaintiffs awarding them title to the subject property and dismissing the defendants' counterclaims for damages.

Ordered that the judgment is affirmed, with costs.

In 1989, the plaintiffs, Mark and Elizabeth Oistacher, contracted with John Merritt to purchase 35 Anchor Drive in Massapequa. The defendants, Norman and Karen Rosenblatt, were the owners of the neighboring property at 37 Anchor Drive. A survey indicated that a triangular parcel of the defendants' property was on the 35 Anchor Drive side of the fence separating the backyards. When Merritt was advised of the problem by Mr. Oistacher, Merritt stated that he believed that he owned the triangular parcel because the fence was erected prior to his taking title in 1978. At the closing, Merritt orally conveyed his rights to the triangular parcel to the plaintiffs.

In 1991, the defendants signed a contract to sell their property and subsequently learned that the fence was not on the property line. The plaintiffs offered to purchase the triangular parcel, but the defendants rejected the offer and removed the fence. Thereafter, the plaintiffs commenced this action to obtain title to the triangular parcel and the defendants

counterclaimed for damages. After a nonjury trial, the Supreme Court awarded the plaintiffs title by adverse possession and dismissed the defendants' counterclaims for damages. While we affirm the judgment, we do so for different reasons than the Supreme Court.

Under RPAPL 522, a party seeking to obtain title by adverse possession on a claim not based upon a written instrument must show that the parcel was either "usually cultivated or improved" (RPAPL 522 [1]) or "protected by a substantial inclosure" (RPAPL 522 [2]; *see, Morris v DeSantis,* 178 AD2d 515; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118). In addition, a party must satisfy the common-law requirement of demonstrating that the possession of the parcel was hostile, under claim of right, open and notorious, exclusive, and continuous for a period of 10 years or more *(see, Belotti v Bickhardt,* 228 NY 296; *Manhattan School of Music v Solow,* 175 AD2d 106; *Franzen v Cassarino,* 159 AD2d 950).

Here, the plaintiffs were required to demonstrate that when they purchased 35 Anchor Drive, the cause of action for adverse possession had already accrued. Because the plaintiffs knew that the defendants were the record owners of the disputed parcel when the plaintiffs purchased the property, an essential element of adverse possession, i.e., claim of right, was negated *(see, Van Gorder v Masterplanned, Inc.,* 78 NY2d 1106, 1108; *Soukup v Nardone,* 212 AD2d 772; *City of Tonawanda v Ellicott Cr. Homeowners Assn., supra,* at 124). Therefore, the plaintiffs' possession of the disputed parcel from 1989 until 1991 was not adverse and cannot be tacked on to Merritt's possession *(see, Colnes v Colligan,* 183 AD2d 693).

However, the plaintiffs established by clear and convincing evidence *(see, Orlando v Ege,* 167 AD2d 336, 337; *Rusoff v Engel,* 89 AD2d 587), that from 1978 to 1989, Merritt's possession of the disputed parcel established his right to the property by adverse possession under both RPAPL 522 and the common law *(see, Brand v Prince,* 35 NY2d 634, 636; *Orlando v Ege, supra; Birnbaum v Brody,* 156 AD2d 408, 409; *Beddoe v Avery,* 145 AD2d 818, 819). Moreover, the evidence established that after Merritt attained the possessory interest in the triangular parcel, he orally transferred his interest to the plaintiffs. "Because the possessory title is entirely an incident of the adverse holder's possession, transfer of that possession, even by parol, effects a transfer of the possessory interest" *(Brand v Prince, supra,* at 637; *see also, Connell v Ellison,* 86 AD2d 943, *affd* 58 NY2d 869). Thus, the Supreme Court properly awarded title to the plaintiffs. O'Brien, J. P., Joy, Altman and Florio, JJ., concur.