■ ROBERT KATZ, Appellant, v MAX MANAGEMENT CORP., Respondent. [755 NYS2d 282] —In an action, inter alia, for a judgment declaring that the plaintiff has acquired title to the subject premises by adverse possession, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Beldock, J.H.O.), dated April 16, 2001, as, after a nonjury trial, dismissed the complaint in its entirety.

Ordered that the judgment is modified by adding a provision thereto declaring that the plaintiff has not acquired title to the subject apartment by adverse possession; as so modified, the judgment is affirmed insofar as appealed from, with costs.

It is well settled that a party seeking to obtain title to real property by adverse possession not based upon a written instrument must demonstrate, by clear and convincing evidence, that the possession of the property was (1) hostile under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (*see* RPAPL 521, 522; *see also Brand v Prince,* 35 NY2d 634 [1974]; *Gerlach v Russo Realty Corp.,* 264 AD2d 756 [1999]; *MAG Assoc. v SDR Realty,* 247 AD2d 516 [1998]). The Supreme Court correctly found that the plaintiff failed to meet these requirements or to establish them by a fair preponderance of the credible evidence. The plaintiff's actions from the time he became a tenant until he commenced this action were consistent with those of a tenant and not those of a person making a claim to ownership by virtue of adverse possession.

It is further noted that the plaintiff's reliance on RPAPL 531 is misplaced. That statute states that when a tenancy is terminated, a claim for adverse possession can begin to accrue. Here, the tenancy never terminated; the plaintiff even stated at trial that he is still a rent-controlled tenant. In addition, the plaintiff acquiesced to the ownership of the premises by the landlord by failing to oppose the landlord's right to collect increased rent, as a result of having provided essential services, and therefore, the required element of hostility under claim of right was not demonstrated (*see MAG Assoc. v SDR Realty, supra*).

The plaintiff's remaining contentions are without merit.

We note that since this is, in part, a declaratory judgment action, the Supreme Court should have made a declaration in favor of the respondents rather than dismissal of the complaint (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.