■ DONALD G. GORE et al., Appellants, v GIUSEPPE CAMBARERI et al., Respondents. [755 NYS2d 728] —In an action to compel the determination of claims to real property pursuant to RPAPL article 15, the plaintiffs appeal from (1) a decision of the Supreme Court, Westchester County (Coppola, J.H.O.), dated April 16, 2002, and (2) a judgment of the same court dated April 22, 2002, which, after a nonjury trial, upon the decision, inter alia, dismissed the complaint.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The plaintiffs own property that abuts property to the south

owned by the defendants. Both properties are bound on the west by Harriman Road and on the east by a lake. The plaintiffs commenced this action alleging that they had obtained by adverse possession title to a strip of land belonging to the defendants running near the south/north border of the properties.

At a nonjury trial, the plaintiffs testified that when they purchased their property in 1981, a split-rail fence ran on what they believed to be the southern border of their property and that they, inter alia, used and improved all property on their side of the fence, including, among other activities, mowing the grass and mulching. Further, they testified, sometime in 1991 or 1992, they replaced the split-rail fence with a chain link fence running on the same line. The plaintiffs commenced this action in 1997 after a survey conducted at the defendants' behest revealed the chain link fence to be on the defendants' property.

The defendants, who purchased their property in 1986, testified that the split-rail fence did not run the entire length of the approximately 187-foot borderline of the properties, but ran for only 20 or 30 feet from Harriman Road. They further noted that the split-rail fence was buried by bushes. The defendants also testified that a large portion of the area at issue was covered by trees and bushes, and was not cultivated or improved by either party.

After the trial, the Supreme Court, inter alia, dismissed the complaint. The court found that the parties were mutually mistaken as to the actual location of the border between the two properties until the 1997 survey revealed the error and, therefore, the required element of "hostile possession" was not present until that time. We reverse and remit the matter to the Supreme Court for further proceedings.

It is well settled that: "A party seeking to obtain title by adverse possession on a claim not based upon a written instrument must produce evidence that the subject premises were either 'usually cultivated or improved' or 'protected by a substantial inclosure' (RPAPL 522 [1], [2]). That party must also establish, by clear and convincing evidence, the common-law requirements of hostile possession, under a claim of right, which was actual, open and notorious, and exclusive, and continuous for the statutory period (*see, Brand v Prince,* 35 NY2d 634 [1974]; *Manhattan School of Music v Solow,* 175 AD2d 106 [1991])" (*Giannone v Trotwood Corp.,* 266 AD2d 430, 431 [1999]; *see also Ray v Beacon Hudson Mtn. Corp.,* 88 NY2d 154 [1996]; *Casini v Sea Gate Assn.,* 262 AD2d 593 [1999];

*Katona v Low,* 226 AD2d 433 [1996]; *Oistacher v Rosenblatt,* 220 AD2d 493 [1995]).

Here, the Supreme Court erred in holding that the parties' mutual mistake concerning the location of the borderline between the properties negated a finding a hostile possession. "[Hostile possession] does not require a showing of enmity or specific acts of hostility * * * All that is required is a showing that the possession constitutes an actual invasion of or infringement upon the owner's rights * * * Consequently, hostility may be found even though the possession occurred inadvertently or by mistake" (*Katona v Low,* 226 AD2d 433, 434 [1996]; *see Guardino v Colangelo,* 262 AD2d 777 [1999]).

As a consequence of this erroneous threshold ruling, the court did not reach and determine the remaining issues raised by the testimony. For example, the court did not determine whether the plaintiffs, in addition to proving by clear and convincing evidence the common-law elements of their claim, proved that they cultivated or improved the area within the meaning of RPAPL 522 [1] (*see Giannone v Trotwood Corp., supra; Simpson v Chien Yuan Kao,* 222 AD2d 666 [1995]; *Daniels v Judelson,* 215 AD2d 623 [1995]; *Orlando v Ege,* 167 AD2d 336 [1990]; *Birnbaum v Brody,* 156 AD2d 408 [1989]; *Bassett v Nichols,* 26 AD2d 569 [1966]). The court also did not determine if the area was protected by a substantial inclosure within the meaning of RPAPL 522 (2) for the requisite statutory period (*see Parsons v Hollingsworth,* 259 AD2d 1054 [1999]; *Orlando v Ege, supra; Boumis v Caetano,* 140 AD2d 401 [1988]; *Meerhoff v Rouse,* 4 AD2d 740 [1957]). Given the divergent testimony at trial, resolution of these issues turns in whole or in part on the credibility of the witnesses. Thus, as the record is otherwise complete, we remit this matter to the Judicial Hearing Officer who presided over the trial, and who saw and heard the witnesses, for the resolution of those issues and a new determination (*see Tri-State Sol-Aire Corp. v United States Fid. & Guar. Co.,* 198 AD2d 494 [1993]; *Weckstein v Breitbart,* 111 AD2d 6 [1985]). Ritter, J.P., S. Miller, H. Miller and Cozier, JJ., concur.