■ Tod Seisser et al., Respondents-Appellants, v Eileen B. Eglin, Appellant-Respondent, et al., Defendants. [776 NYS2d 314]—

In an action, inter alia, to compel the determination of claims to certain real property pursuant to RPAPL article 15, the defendant Eileen B. Eglin appeals from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered June 13, 2003, as denied that branch of her motion which was for summary judgment dismissing the complaint with respect to "that portion of the disputed parcel which consists of lawn," and the plaintiffs cross-appeal from so much of the same order as denied their cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

A party seeking to obtain title by adverse possession on a

claim not based upon a written instrument must show that the parcel was either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522; *see Samter v Maggiore,* 309 AD2d 741 [2003]; *Oistacher v Rosenblatt,* 220 AD2d 493, 494 [1995]; *City of Tonawanda v Ellicott Creek Homeowners Assn.,* 86 AD2d 118, 122 [1982]). Where there is "actual continued occupation of premises under claim of title, exclusive of any other right" not founded upon a written instrument, "the premises so actually occupied, and no others, are deemed to have been held adversely" (RPAPL 521). In addition, the party must satisfy the common-law requirements demonstrating by clear and convincing evidence that the possession of the parcel was hostile, under claim of right, open and notorious, exclusive, and continuous for the statutory period of 10 years (*see Ray v Beacon Hudson Mtn. Corp.,* 88 NY2d 154, 159 [1996]; *Brand v Prince,* 35 NY2d 634, 636 [1974]; *Oak Ponds v Willumsen,* 295 AD2d 587 [2002]; *MAG Assoc. v SDR Realty,* 247 AD2d 516 [1998]; *Oistacher v Rosenblatt, supra; Cohen v Krantz,* 227 AD2d 581, 582 [1996]). Reduced to its essentials, the required common-law elements mean "nothing more than that there must be possession in fact of a type that would give the owner a cause of action in ejectment against the occupier throughout the prescriptive period" (*Brand v Prince, supra* at 636).

Here, the plaintiffs claim adverse possession of a disputed parcel of land along the western boundary of their parcel, which disputed parcel is in the title of their neighbor, the defendant Eileen B. Eglin. The disputed parcel contained an old wire fence that ran parallel to the plaintiffs' deeded boundary, about 40½ feet from the boundary. The disputed parcel also contained a wooded area. At the tree line was a mowed lawn, which the plaintiffs contend was maintained by them and their predecessors in title.

The plaintiffs failed to present any evidence that the wooded area was "cultivated or improved" or "protected by a substantial inclosure" as required under RPAPL 522 (*see Van Valkenburgh v Lutz,* 304 NY 95, 98-99 [1952]; *Mayville v Webb,* 267 AD2d 711 [1999]; *Simpson v Chien Yuan Kao,* 222 AD2d 666 [1995]). Moreover, the plaintiff Tod Seisser stated in his affidavit that he was told by one of the prior owners of his property, Mr. Rabinowitz, that the property line was at the tree line. Mr. Rabinowitz stated in his affidavit that he believed that he owned the property that was mowed, up to the tree line. As there was no evidence that the Rabinowitzes "intended to and actually turned over possession" of the wooded area to the plaintiffs, no

claim of right to the wooded area was transferred to the plaintiffs (*Brand v Prince, supra* at 637; *see Garrett v Holcomb,* 215 AD2d 884 [1995]; *Colnes v Colligan,* 183 AD2d 693 [1992]). Accordingly, since the plaintiffs did not have a claim of right to the wooded area, the Supreme Court properly denied that branch of their cross motion which was for summary judgment in their favor as to the wooded area.

The Supreme Court correctly determined that there were triable issues of fact which precluded granting that branch of Eglin's motion, and that branch of the plaintiffs' cross motion which were for summary judgment with respect to "that portion of the disputed parcel which consists of lawn" (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Katona v Low,* 226 AD2d 433 [1996]). In particular, there was conflicting evidence as to whether the mowing of that area was by permission, whether the mowed portion was used exclusively by the plaintiffs and their predecessors, and whether the claim of right was broken in 1989 when Eglin's predecessor in title subdivided her lot, or in 1996, when Eglin's predecessor applied for a variance that affected the disputed boundary. Accordingly, the order is affirmed insofar as appealed and cross-appealed from. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.