OPINION OF THE COURT
Robert J. Gigante, J.
Plaintiffs motion (No. 2072) to cancel the notice of pendency dated February 3, 2005 is granted; plaintiffs further motion (No. 2326) for summary judgment is granted, in part, and denied, in part, as indicated herein.
Plaintiff Ryan Doyle moves by notice of motion for an order (1) cancelling, striking and discharging of record the notice of pendency filed by defendant Cheryl Hafner on or about February 3, 2005, and (2) awarding him the costs, expenses, disbursements and legal fees incurred in obtaining such relief. Doyle also moves by notice of motion for an order granting him summary judgment (1) on his first, second, third and fifth causes of action and (2) dismissing Hafner’s counterclaims and notice of pendency. Hafner opposes both motions in their entirety.[1]
The underlying action is one to quiet title to a disputed strip of land located on Staten Island (hereafter the disputed area) pursuant to RPAPL article 15. As is relevant, plaintiff Ryan Doyle is the record owner of 37 Beekman Street, Staten Island, New York, having acquired title on June 1, 1999. Defendant Cheryl Hafner is the record owner of an adjoining parcel, 35 Beekman Street, having acquired title on January 21, 2003. The disputed area is located entirely within the property owned by Hafner as designated on the county tax map, but is encroached upon by Doyle’s paved driveway and garage. This action was commenced by the filing and service of a summons and complaint on or about December 29, 2003. Issue was joined by *846 the service of an answer with counterclaims on or about March 30, 2004. On June 16, 2005, the case was certified ready for trial and a note of issue was filed on July 29, 2005.[2]
Initially, the court will consider the application to cancel the notice of pendency.
After this action was commenced, i.e., on or about February 3, 2005, defendant Hafner filed a notice of pendency against plaintiffs property at 37 Beekman Street, Staten Island, New York. Doyle contends that said notice of pendency erroneously states that the disputed area is located on his property, thus rendering it fatally defective. Doyle further claims that the notice of pendency was filed in bad faith solely to impair his ability to alienate his property. As a result, Doyle seeks an order dismissing or cancelling the lis pendens (notice of pendency) and awarding him the costs, disbursements and attorney’s fees incurred in connection with this motion.
In opposition, Hafner vehemently denies plaintiffs allegations of bad faith and alleges that the notice of pendency was properly filed pursuant to CPLR 6501.
The statutory basis for filing a notice of pendency against real estate is found in CPLR 6501 (5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313 [1984]). As is relevant, that section provides: “A notice of pendency may be filed in any action ... in which the judgment demanded would affect title to, or the possession, use or enjoyment of, real property.” (CPLR 6501.) The purpose of this provisional remedy is to assure that the court retains the ability to effect justice by maintaining its power over the property (5303 Realty Corp. at 319). Thus, the scope of review on a motion to cancel under CPLR 6514 is limited to reviewing the pleadings to determine if the action falls within the penumbra of CPLR 6501 (see Interboro Operating Corp. v Commonwealth See. & Mtge. Corp., 269 NY 56 [1935]; Wilson v Power House Dev. Corp., 12 AD3d 505 [2d Dept 2004]; cf. Rajic v Sarokin, 214 AD2d 663 [2d Dept 1995]). However, in order to avail oneself of this extraordinary privilege to affect the transfer of real property, strict compliance with the statutory procedures is required *847 (see Israelson v Bradley, 308 NY 511, 515-516 [1955]; Weiner v MKVII-Westchester, 292 AD2d 597 [2d Dept 2002]).
In the present motion, Doyle appears to be relying on the power of discretionary cancellation set forth in CPLR 6514 (b): “The court, upon motion of any person aggrieved and upon such notice as it may require, may direct any county clerk to cancel a notice of pendency, if the plaintiff has not commenced or prosecuted the action in good faith.” Here, Doyle imputes “bad faith” from the fact that the notice of pendency states that the disputed area is located on his property at 37 Beekman Street, when it is uncontroverted that the disputed area is located on the property owned by Hafner at 35 Beekman Street.
Despite the seemingly broad language of CPLR 6501, and particularly the phrase “use and enjoyment,” it has regularly been held that “a notice of lis pendens cannot be filed where the party who has filed it claims no right, title or interest in or to the real estate against which it is filed, and where the suit concerns simply some encroachment or wrong perpetrated” by one litigant on the land of another (Braunston v Anchorage Woods, 10 NY2d 302, 305 [1961]; see Doar v Kozick, 87 AD2d 603 [2d Dept 1982]). Accordingly, given the undisputed facts pertaining to this issue, the court in this case concludes that the notice of pendency was improperly filed and should be cancelled. However, in so finding, the court, in the exercise of its discretion, declines to award plaintiff the costs, expenses, disbursements and legal fees incurred in connection with this motion (see CPLR 6514 [c]; see Praver v Remsen Assoc., 181 AD2d 723 [2d Dept 1992]).
Having determined that the notice of pendency must be cancelled, the court will next consider Doyle’s companion motion for summary judgment on his first, second, third and fifth causes of action, and dismissing Hafner’s counterclaims. Plaintiffs first cause of action is to quiet title to the disputed area in his favor; his second cause of action is to declare that he is the owner by adverse possession of the disputed area; his third cause of action, pleaded in the alternative, seeks relief in the form of a prescriptive easement over the disputed area; and his fifth cause of action is for ejectment. Hafner’s first counterclaim is for money damages based on Doyle’s wrongful withholding of possession of the disputed area; her second seeks to quiet title to the disputed area in her favor; and her third sounds in trespass.
Pertinent to Doyle’s second cause of action, it is well established that in the absence of a written instrument, a party *848 may obtain title to a disputed area by adverse possession only by demonstrating by clear and convincing evidence that his possession was (1) hostile, (2) under claim of right, (3) actual, (4) open and notorious, (5) exclusive and (6) continuous for a period of 10 years (see RPAPL 521-523; Brand v Prince, 35 NY2d 634, 636 [1974]; Katz v Max Mgt. Corp., 302 AD2d 496 [2d Dept 2003], lv denied 1 NY3d 501 [2003], cert denied 541 US 1073 [2004]). In this context, the element of hostility does not require a claimant to show enmity or specific acts of hostility, as it is sufficient to show that the possession constitutes an actual infringement upon the owner’s rights. Accordingly, “hostility” may be found even if claimant’s possession occurs inadvertently or by mistake (see Randisi v Mira Gardens, 272 AD2d 387 [2d Dept 2000]; Greenberg v Sutter, 257 AD2d 646 [2d Dept 1999]). “Possession” for these purposes requires that the disputed area of land has been (a) usually cultivated or improved, or (b) protected by a substantial enclosure (see RPAPL 522; see Dunkin Donuts of N.Y., Inc. v Mid-Valley Oil Co., Inc., 14 AD3d 590 [2d Dept 2005]).
A kindred concept to that of adverse possession, Doyle’s alternative request for a prescriptive easement requires that he demonstrate by clear and convincing evidence that his use of the disputed area was adverse, open and notorious and continuous and uninterrupted for 10 years (Di Leo v Pecksto Holding Corp., 304 NY 505, 512 [1952]; J.C. Tarr, Q.P.R.T. v Delsener, 19 AD3d 548 [2d Dept 2005]; Asche v Land & Bldg. Known as 64-29 232nd St., 12 AD3d 386 [2d Dept 2004]). Under either doctrine, the requisite time period may be established by taking into account the period of use by a predecessor in title so long as there is an unbroken chain of privity (Congregation Yetev Lev D’Satmar v County of Sullivan, 59 NY2d 418, 424 [1983]; Gravelle v Dunster, 2 AD3d 964 [3d Dept 2003]).
In support of summary judgment, Doyle has submitted (1) his own affidavit, (2) the affidavit of Eddie Cardona (Hafner’s predecessor in title), (3) the affidavits of several long-time residents of the neighborhood (Mary Sciarra, Pat Sciarra, Gloria Fiore, Mary DePepo, Leanea Savanapoulos, George Savanapoulos, Craig Castelluci and Nicole Castelluci), and (4) his certificate of occupancy (Doyle’s exhibit L), which describes the property as consisting of a two-story frame dwelling and (the encroaching) one-car garage. Doyle alleges the proffered evidence, viewed in toto, plainly establishes that so much of his driveway and garage as encroach upon Hafner’s property has been in continu *849 ous use since at least 1940, and that all of the other elements needed to establish adverse possession have been likewise demonstrated by clear and convincing evidence.
In opposition, Hafner submits her own affidavit and the affirmation of her attorney. Addressing the legal issues, counsel claims that Doyle’s proof is inadequate since the affidavits offered in support of his motion are not acknowledged. Counsel’s affirmation further alleges that the period of use by Doyle’s predecessor in title may not be considered, since plaintiff “has made no representation as to the intent of the transferor upon his acquisition of the premises.” Finally, counsel notes that plaintiff should have known from, e.g., the title report and survey, that he possessed no title to the disputed area. In her personal affidavit, Hafner reiterates these arguments and adds that she should have the right to confront the neighbors upon whose affidavits Doyle purports to rely at trial.[3] She further alleges that Doyle’s trespass extends beyond the disputed area and up to her house, thereby cutting off access to her own property.
Summary judgment is a drastic remedy that should be granted only if no triable issue of fact exists and the movant is entitled to judgment as a matter of law (Rotuba Extruders v Ceppos, 46 NY2d 223 [1978]; Herrin v Airborne Frgt. Corp., 301 AD2d 500 [2d Dept 2003]). On a motion for summary judgment, the function of the court is issue finding, not issue determination (Wiener v Ga-Ro Die Cutting, 104 AD2d 331 [1984], affd 65 NY2d 732 [1985]). In making such an inquiry, the proof must be scrutinized carefully in the light most favorable to the party opposing the motion (Glennon v Mayo, 148 AD2d 580 [2d Dept 1989]).
With the relevant criteria in mind, the court concludes that Doyle has established a prima facie case for adverse possession of the disputed area, as all the necessary elements have been demonstrated by acceptable proof (see Brand v Prince, 35 NY2d at 637; Franzen v Cassarino, 159 AD2d 950 [4th Dept 1990]). Thus, the burden has shifted to Hafner to create a triable issue of fact (Zuckerman v City of New York, 49 NY2d 557 [1980]).
In this regard, the affirmation from Hafner’s attorney is of no probative value (Zuckerman v City of New York, 49 NY2d at 563), nor is the court impressed with the argument that *850 the sworn but unacknowledged affidavits submitted by Doyle are legally insufficient to carry his burden of proof (see CPLR 3212 [b]). Equally unavailing is Hafner’s speculative argument that Doyle should have known from, e.g., the survey and title report, that the disputed area was owned by her predecessor in title at the time of his purchase (see Sands v Hughes, 53 NY 287, 297 [1873]).[4] However, even if Doyle had acquired knowledge of Hafner’s predecessor’s ownership of the disputed area at the time of his purchase, he might nevertheless acquire title based on the adverse possession of his predecessor in interest, which had already accrued (Oistacher v Rosenblatt, 220 AD2d 493, 494 [2d Dept 1995]). Thus, the affidavits submitted by Doyle amply demonstrate the lengthy period prior to his purchase during which the disputed area was held adversely by his predecessor in title, whose transfer of possession to Doyle effected a transfer of that possessory interest (id.). None of these facts have been successfully rebutted in Hafner’s opposing papers.
The court has considered Hafner’s other contentions and finds them to be without merit (see Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154, 160-162 [1996]; Seisser v Eglin, 7 AD3d 505, 506-507 [2d Dept 2004]).
In view of Hafner’s failure to raise a triable issue of fact as to adverse possession, Doyle’s motion for summary judgment on his first and second causes of action must be granted. Under these circumstances, Doyle’s remaining causes of action have been rendered academic; the counterclaims must be dismissed.
Accordingly, it is ordered that plaintiff’s motion to cancel the notice of pendency dated February 3, 2005 is granted; and it is further ordered that the County Clerk mark its records accordingly; and it is further ordered that plaintiffs further motion for summary judgment is granted as to his first and second causes of action; and it is further ordered that the counterclaims interposed by defendant Cheryl Hafner are severed and dismissed; and it is further ordered that the balance of plaintiffs summary judgment motion is denied as academic; and it is further ordered and declared that plaintiff is the title owner of the disputed area as set forth in the *851 surveys prepared by Alphonse J. Mustaciulo and Karl E.A. Knoecklien, dated January 21, 2003 and May 9, 1999, respectively, pursuant to article 15 of the Real Property Actions and Proceedings Law; and it is further ordered that the balance of the action shall continue.

. Previously, the action as against defendant Karl E.A. Knoecklein was severed and dismissed by order of this court dated November 30, 2004 and entered December 8, 2004.

. Ms. Hafner originally commenced an action for ejectment against Ryan and Michele Doyle in the Civil Court of Richmond County (Index No. 03RO39844). Subsequently, that action was joined with this for purposes of trial by orders dated August 12, 2004 and January 25, 2005. As a result, the Civil Court action was transferred and assigned Index No. 12838/04 in Supreme Court. However, the transferred action remains unjoined as no party has filed a request for judicial intervention under said index number, a necessary predicate to activate the case.

. As stated earlier, the action commenced by Hafner remains unjoined at this time.

. The court notes that the Second Department has held that an awareness of ownership by a third party during the 10-year vesting period defeats any claim of right (Oak Ponds v Willumsen, 295 AD2d 587, 588 [2002]), while the Third Department takes a contrary view (Walling v Przyblo, 24 AD3d 1 [2005]).