◼ RICHARD PERFITO et al., Respondents, v ADAM EINHORN et al., Appellants. [879 NYS2d 545]—

In an action pursuant to RPAPL article 15, inter alia, for a judgment declaring that the plaintiffs are the lawful owners of certain real property, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Smith, J.), dated March 5, 2008, which granted the plaintiffs' motion for summary judgment on the complaint and denied, as academic, their cross motion for summary judgment on the counterclaim alleging ownership of the real property by adverse possession, and (2) a

judgment of the same court dated April 2, 2008, which, upon the order, inter alia, declared that the plaintiffs are the lawful owners of the subject real property, directed the defendants to remove all encroaching structures from the real property, and dismissed their counterclaim alleging ownership of the real property by adverse possession.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendants' cross motion for summary judgment on the counterclaim alleging ownership of the subject real property by adverse possession is granted, the plaintiffs' motion for summary judgment on the complaint is denied, the order is modified accordingly, and it is declared that the defendants are the owners of the subject real property by adverse possession; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Although the defendants' cross motion for summary judgment was not timely since it was filed almost two months after the deadline that the Supreme Court set in its trial readiness order, "an untimely motion or cross motion for summary judgment may be considered by the court where, as here, a timely motion for summary judgment was made on nearly identical grounds" (*Grande v Peteroy,* 39 AD3d 590, 591-592 [2007]). "Notably, the court, in the course of deciding the timely motion, is, in any event, empowered to search the record and award summary judgment to a nonmoving party" (*id.* at 592).

"To establish a claim of adverse possession, the following five elements must be proved: Possession must be (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (*Walling v Przybylo,* 7 NY3d 228, 232 [2006]). "Here the required period is at least 10 years" (*id.*). "A party seeking to obtain title by adverse possession on a claim not based upon a written instrument must establish [these elements] by clear and convincing evidence" (*Gaglioti v Schneider,* 272 AD2d 436, 437 [2000]). "Furthermore, pursuant to [the] statute [in effect at the time this action was commenced], that party must also establish that the subject land was either 'usually cultivated or improved' or

'protected by a substantial inclosure' " (*id.* at 437; *see* RPAPL former 522; *cf.* L 2008, ch 269, § 5).

The defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting affidavits and color photographs of their backyard establishing that a stockade fence erected by the defendants' predecessor in interest fully enclosed the defendants' yard, including the subject real property, from approximately 1971 until 2001 (*see Casini v Sea Gate Assn.,* 262 AD2d 593 [1999]; *Morris v DeSantis,* 178 AD2d 515 [1991]; *Golden Hammer Auto Body Corp. v Consolidated Rail Corp.,* 151 AD2d 545 [1989]; *see also Orlando v Ege,* 167 AD2d 336 [1990]). The plaintiffs failed to raise a triable issue of fact in response to the defendants' showing (*see Golden Hammer Auto Body Corp. v Consolidated Rail Corp.,* 151 AD2d 545 [1989]).

In light of the foregoing, the plaintiffs' motion for summary judgment should have been denied and the defendants' cross motion for summary judgment should have been granted. Mastro, J.P., Miller, Chambers and Austin, JJ., concur. [*See* 18 Misc 3d 1142(A), 2008 NY Slip Op 50413(U).]