*985 In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to certain real property, and for a judgment declaring that the plaintiff is the owner of the subject property by adverse possession, the defendants appeal from an order of the Supreme Court, Nassau County (Phelan, J.), dated July 27, 2009, which granted the plaintiffs motion for summary judgment declaring that the plaintiff is the owner of the subject property by adverse possession, and denied their cross motion for summary judgment declaring them to be the owners of the subject property.
Ordered that the order is affirmed, with costs.
The plaintiff and the defendants are neighbors in Lido Beach, New York. The plaintiff and her husband purchased their property in 1983. At the time, there was a fence separating what the plaintiff believed to be the western border of her property from the neighboring property subsequently purchased in 1996 by the defendants. In 1986, the plaintiff replaced the preexisting fence with a new one. In September 2005 the plaintiff and her husband transferred title to their property solely to the plaintiff.
At the time that the defendants purchased their property in 1996, they received a survey of their property which revealed that the subject fence was situated three feet within their property. When deposed, the defendant Maurice Borenstein stated that in 1996, he approached the plaintiffs husband with a copy of the defendants’ survey, measured out the actual points, and requested a copy of the survey of the plaintiffs property. He recalled being advised that the plaintiff never had a copy of a survey of her property. Borenstein then recounted that attempts to get another survey performed in 1996 failed and, since the defendants had just bought their house, they decided “it was well enough to leave everything alone at the time.” Borenstein also recollected having another conversation about the subject fence with the plaintiff’s husband in 2007, during which Borenstein requested that the plaintiff move the subject fence to the actual property line and the plaintiffs husband responded that the defendants could not touch the plaintiffs property.
In March 2008 the plaintiff commenced this action pursuant to RPAPL article 15 to quiet title to the disputed section of land. In an affidavit submitted in support of her motion, the plaintiff maintained that, in addition to the fence enclosing the subject portion of land, she also installed a wooden walkway on that parcel, planted trees and shrubs which were maintained by herself and her gardener, and located the pump, filter, and heating equipment for her pool on that strip of land.
*986 In July 2008, Real Property Actions and Proceedings Law §§ 501, 522 and 543 were amended. The amendments applied solely to those actions commenced after July 7, 2008. Since the plaintiff commenced this action prior to July 7, 2008, those amendments are not applicable to this action.
Under the law as it existed at the time that the plaintiff filed her lawsuit, where a claim of adverse possession was not based upon a written document, the plaintiff had to demonstrate that she “usually cultivated, improved, or substantially enclosed the land” (Walsh v Ellis, 64 AD3d 702, 703 [2009]; see RPAPL former 522). Moreover, the plaintiff had to establish that her possession of the disputed parcel was “(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period” (Walling v Przybylo, 7 NY3d 228, 232 [2006]; see Walsh v Ellis, 64 AD3d 702 [2009]). We agree with the Supreme Court that the plaintiff satisfied these requirements.
Here, the defendants admitted that the fence between the two properties encroached approximately three feet onto their property and stood in the same location from the time they purchased their property in 1996 until the plaintiff brought suit, and that they were aware that the fence was not on the true property line when they took possession of their property. Nevertheless, from 1996 through 2008, the defendants took no action to eject the plaintiff. Accordingly, the defendants have conceded, through their admissions and their actions, that the plaintiff continually possessed the property for the 10-year statutory period (see Walling v Przybylo, 7 NY3d at 232; CPLR 212 [a]).
The law as it existed at the time that the plaintiff filed her lawsuit made it clear that even “actual knowledge that another person is the title owner does not, in. and of itself, defeat a claim of right by an adverse possessor” (Walling v Przybylo, 7 NY3d at 230; see Merget v Westbury Props., LLC, 65 AD3d 1102, 1105 [2009]). Instead, “[c]onduct will prevail over knowledge, particularly when the true owners have acquiesced in the exercise of ownership rights by the adverse possessors” (Walling v Przybylo, 7 NY3d at 232-233; see Hall v Sinclaire, 35 AD3d 660, 663 [2006]). Accordingly, the question of whether the plaintiff was aware that her fence encroached upon the defendants’ property is immaterial to her proof of the element of hostility in this matter.
For actions commenced prior to July 7, 2008, “[t]he type of cultivation or improvement sufficient to satisfy the statute will vary with the character, condition, location and potential uses *987 for the property” (Bimbaum v Brody, 156 AD2d 408, 408 [1989]; see RPAPL former 522 [1]). Here, the plaintiffs cultivation and improvement of the disputed parcel, consisting of maintaining the grass, planting shrubs, and installing a walkway, was consistent with the use to which a “ ‘thrifty owner[ ]’ ” would put comparable property (Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154, 160 [1996], quoting Ramapo Mfg. Co. v Mopes, 216 NY 362, 373 [1915]; see RPAPL former 522 [1]; Bimbaum v Brody, 156 AD2d at 408-409; see also 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1394-1395 [2009]; but see Giannone v Trotwood Corp., 266 AD2d 430, 431 [1999]). In addition, the presence of the fence for the statutory period constituted a substantial enclosure of the disputed parcel (see RPAPL former 522 [2]; Morris v DeSantis, 178 AD2d 515, 516 [1991]; Birnbaum v Brody, 156 AD2d at 409).
Since the record demonstrates by clear and convincing evidence, under the law existing at the time this action was commenced, that the plaintiff cultivated or improved the subject parcel, enclosed it with a fence, and satisfied the elements of adverse possession, and the defendants “acquiesce[d] ... in the exercise of an obvious adverse or hostile ownership through the statutory period” (Walling v Przybylo, 7 NY3d at 232 [internal quotation marks omitted]), the Supreme Court properly determined that the plaintiff acquired title to the disputed parcel via adverse possession.
In light of our determination, we need not reach the defendants’ remaining contentions. Covello, J.P., Santucci, Balkin and Austin, JJ., concur.