■ IDA D. McCOSKER, Appellant-Respondent, v. ROLLIE ESTATES, INC., Respondent-Appellant.— In an action pursuant to article 15 of the Real Property Law to determine plaintiff's claim to a strip of real property 50 feet wide and about 489 feet long, to which she claimed title by adverse possession, the defendant interposed a counterclaim pursuant to article 15 of the Real Property Law (1st counterclaim) and to recover damages alleged to have been incurred because of plaintiff's claim to the property (2d counterclaim). After trial without a jury, the court held that plaintiff had proved adverse possession for 11 years, but not for the 15 years required by section 35 of the Civil Practice Act. The court also held that defendant had record title to the strip, but refused to award it damages. Plaintiff appeals from so much of the judgment entered thereon as is in favor of defendant and against her, and defendant appeals from so much of said judgment as fails to award it damages. Judgment insofar as it is in favor of plaintiff against defendant affirmed, without costs, and judgment insofar as it is in favor of defendant against plaintiff reversed on the law and the facts, with costs, and judgment directed in favor of plaintiff for the relief demanded in the complaint and dismissing the first counterclaim. Findings of fact insofar as they may be

inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, the finding that the possession by plaintiff's predecessor was not under an adverse claim of title is against the weight of the evidence. A finding to the contrary should be made. The entire 50-foot strip was enclosed as part of the main property by a hedge wall, which is sufficient to constitute an enclosure within the meaning of section 40 of the Civil Practice Act. (*Knapp* v. *City of New York,* 140 App. Div. 289; *Hill* v. *Edie,* 17 N. Y. St. Rep. 255.) The cutting of grass on the 50-foot strip by plaintiff's predecessor was sufficient cultivation thereof in view of the character, condition and location of the property under consideration. (*Ramapo Mfg. Co.* v. *Mapes,* 216 N. Y. 362, 372.) Wenzel, Beldock and Murphy, JJ., concur; Nolan, P. J., and Kleinfeld, J., concur in the affirmance of that part of the judgment which is in favor of plaintiff against defendant but dissent from the reversal of that part of the judgment which is in favor of defendant against plaintiff and from the direction that judgment be entered in favor of plaintiff for the relief demanded in the complaint and dismissing the first counterclaim, and vote to affirm that part of the judgment, with the following memorandum: In our opinion, the finding by the trial court that plaintiff's predecessor in occupation of the subject property did not occupy it under a claim of title has substantial support in the evidence and should not be disturbed.