■ SARA PILDES, Appellant, v MILTON FREEDMAN et al., Respondents.—In an action pursuant to RPAPL 871 for an injunction directing the removal of a structure encroaching on land or for money damages, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated December 9, 1987, which denied her motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendants claim title to the subject property by virtue of adverse possession, and have, in an affidavit in opposition to the plaintiff's motion for summary judgment, pointed out the existence of questions of fact with respect to whether they maintained the fence which adjoins the property, and with respect to whether they continually cultivated the property in question for the prescriptive period *(see,* RPAPL 522; *McCosker v Rollie Estates,* 7 AD2d 865, *affd* 8 NY2d 837; *Mastin v Village of Lima,* 86 AD2d 777; *Bradt v Giovannone,* 35 AD2d 322; *Bassett v Nichols,* 26 AD2d 569; 1 Warren's Weed, New York Real Property, Adverse Possession, § 5.02). Because it is not clear whether this narrow strip of land may be "suitable for more extensive use" *(City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 123), the cultivation of the land claimed by the defendants, in light of all the circumstances of the case to be determined after trial, may be sufficient to support their claim of adverse possession, and the court was therefore correct in denying the plaintiff's motion for summary judgment. Bracken, J. P., Spatt, Sullivan and Harwood, JJ., concur.