ROSE A. SHEARIN et al., Respondents-Appellants, v VITTORIO DiCASTRO, Appellant-Respondent, et al., Defendants.—

Vittorio DiCastro is the owner with Janet Tice as tenants in common of a parcel of unimproved real property located in the Town of Southampton, Suffolk County. They purchased this parcel on January 22, 1986 from the defendant Albert Altomare who had purchased it from the defendant Richard Pellicane. Running through the subject parcel is a dirt roadway which DiCastro concedes is subject to a prescriptive easement for purposes of ingress and egress in favor of the adjoining property owner Hampton Valley Farm, Inc. (hereinafter Hampton Valley). The property adjoining the subject parcel was originally owned by the plaintiff Rose Ann Shearin, who conveyed it in 1982 to the plaintiff Buena Vida Farms, Inc. In 1984 Buena Vida Farms, Inc. conveyed this adjoining parcel to Hampton Valley, a corporation of which Shearin is the president. Upon its conveyance of the adjoining premises to Hampton Valley, Buena Vida Farms Inc. was dissolved. The plaintiffs claim title by adverse possession to a portion of the subject premises described as pastureland, which is located south of the access road which is the subject of an easement.

We find that Buena Vida Farms, Inc. is not a proper party to prosecute the action because it ceased to exist as a corporate entity for this purpose in 1984 when it conveyed the premises which represented its corporate assets to Hampton Valley. Accordingly, the Supreme Court should have granted summary judgment to DiCastro dismissing the complaint insofar as it was asserted against him by Buena Vida Farms, Inc.

However, the Supreme Court properly denied the remainder of DiCastro's motion and the cross motion of Shearin and Hampton Valley. The record indicates that Shearin and Hampton Valley have succeeded in raising triable issues of fact with respect to whether they regularly grazed horses on the disputed property so as to establish hostile possession for the prescriptive period, whether they had built a fence enclosing the disputed land and whether they improved the property in question with a horse shed (see, RPAPL 522; *Belotti v Bickhardt*, 228 NY 296; *Pildes v Freedman*, 149 AD2d 576).

We agree with the Supreme Court that the plaintiffs are not entitled at this juncture to an instrument formalizing their rights to an easement over the access road crossing DiCastro's property *(see,* Real Property Law § 297-b). Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.