■ CORONA GRILL CORP., Respondent, v 1029 SIXTH, LLC, Appellant. [782 NYS2d 723]—

Judgment, Supreme Court, New York County (Louis B. York, J.), entered January 6, 2004, awarding judgment in favor of plaintiff in the principal amount of $168,332.30 and bringing up for review an order, same court and Justice, entered October 17, 2002, which, inter alia, granted plaintiff summary judgment and denied defendant's cross motion for summary judgment, and order, same court and Justice, entered on or about March 26, 2003, which, inter alia, granted plaintiff's cross motion to amend the judgment amount, unanimously reversed, on the law, without costs, plaintiff's motion for partial summary judgment denied and defendant's cross motion granted. Appeals from aforesaid orders unanimously dismissed, without costs, as subsumed in the appeal from the judgment. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Pursuant to the terms of certain lease documents, defendant 1029 Sixth, LLC, landlord of premises located on Sixth Avenue in Manhattan, had the right, under certain circumstances, to terminate its lease with a tenant of those premises, plaintiff Corona Grill Corp. A modification of the lease agreement provides that in the event landlord intended to terminate the lease to either demolish or sell the premises, it would pay tenant a fee (Lease Termination Payment). The lease documents also provide that tenant understood that time was of the essence for delivery of the premises in the event of early termination. Landlord served tenant with notice of early termination effective April 30, 2000 (the Termination Date). Thereafter, tenant sent notice of termination to its subtenant, Jeweline, Inc. Tenant vacated the premises in accordance with the termination notice, but Jeweline did not.

Consequently, tenant commenced a holdover proceeding against Jeweline, and landlord commenced a holdover proceeding against both tenant Corona and subtenant Jeweline. All

three parties to these proceedings stipulated that tenant had in fact vacated timely the premises and that Jeweline would vacate by December 31, 2000. In the event Jeweline so vacated, it would be entitled to payment of $25,000.

Tenant requested its Lease Termination Payment from landlord pursuant to the lease documents. The landlord refused, and this action ensued. Upon the parties' respective summary judgment motions, the court found that tenant had vacated the premises in accordance with the stipulation of settlement and was therefore entitled to the Lease Termination Payment. The court further found that the parties did not intend to hold tenant responsible for subtenant's holding over. The court calculated plaintiff's damages in the principal amount of $148,332.30, which was later increased upon plaintiff's cross motion to amend the judgment.

We reverse. Pursuant to the lease documents, tenant was entitled to the Lease Termination Payment only if it vacated the premises by the Termination Date. It was tenant's obligation to remove its subtenant (*see Stahl Assoc. Co. v Mapes*, 111 AD2d 626 [1985]; *see also Radin v Arthur Holding Co., Inc.*, 149 AD2d 576 [1989]), and, indeed, tenant concedes a breach of the lease based on the subtenant's failure to timely vacate the premises by the Termination Date. Therefore, tenant failed to fulfill its promise to timely vacate by April 30, 2000, the event which would have triggered the Lease Termination Payment and which these parties agreed was a date regarding which timing was essential. Contrary to the motion court's conclusions, the parties' rights and obligations under the settlement of the holdover proceeding are irrelevant to tenant's independent, contractual obligation pursuant to the lease documents to vacate by the Termination Date.

None of the issues concerning landlord's counterclaims is raised on appeal. Furthermore, while the landlord's brief suggests that the IAS court erroneously failed to award attorneys' fees, landlord has not adequately briefed this "claim" which, in any event, appears to be unavailing under specific terms of the lease agreement.

Finally, we find tenant's equitable argument unavailing. Concur—Tom, J.P., Saxe, Ellerin, Marlow and Catterson, JJ.