*191 OPINION OF THE COURT
Gerald Lebovits, J.
In this holdover proceeding, petitioner, 88th Street Realty, L.E, argues that William Maher is financially responsible for the use and occupancy between January 1, 2008, and June 4, 2008, damages, and legal fees incurred as a result of Maxine Nemzer’s failure to vacate the subject premises, apartment No. 21B, located at 1675 York Avenue in New York County. Before the court is petitioner’s motion to amend the judgment of January 2, 2008. The court finds that petitioner is not entitled to an amended judgment for use and occupancy. Maher is not responsible for Nemzer’s use and occupancy after January 2, 2008, because petitioner failed to mitigate Maher’s damages. The court, however, grants petitioner a money-only award of $2,220.25 for attorney fees and costs.
Maher was the unregulated record tenant of the subject premises. His lease was set to expire on September 15, 2007, and he vacated on September 11, 2007. Nemzer, his former girlfriend and an occupant of the subject premises, did not vacate the premises when the lease expired. By September 15, 2007, Maher’s dislike of Nemzer was intense and extreme.
Petitioner served Maher and Nemzer with a 30-day notice of termination before it began this proceeding. The trial began on January 2, 2008, and a final judgment was entered that same day. The court awarded petitioner $18,882.55 against Maher, representing Nemzer’s use and occupancy of the subject premises from September 15, 2007 through December 31, 2007, at the monthly rate of $5,395. The court also entered a final judgment of possession for petitioner against Nemzer. The court allowed the warrant to issue forthwith and granted no stay. Petitioner now seeks to amend that January 2008 money judgment to include a money-only award against Maher of at least $35,524.90 in use and occupancy, damages, and legal fees from January 1, 2008 through June 4, 2008. Petitioner continues to retain Maher’s security deposit of $5,395 under his initial lease.
Following the January 2, 2008 final judgment, petitioner applied for a warrant of eviction on January 25, 2008. The Civil Court clerk’s office denied the application because petitioner’s paperwork was inaccurate: information about respondents differed on the application from the information about respondents on the final judgment. Petitioner’s subsequent warrant application was granted on February 8, 2008. The warrant issued to the marshal on February 14, 2008. On March 21, 2008, the *192 Honorable Peter M. Wendt signed Nemzer’s order to show cause seeking a stay of eviction. This court denied the motion on April 1, 2008, the return date. Nemzer then applied to the Appellate Term for a temporary stay of eviction. The stay was denied on April 21, 2008. (See 2008 NY Slip Op 69496[U] [App Term, 1st Dept, Apr. 21, 2008 mem].) The marshal executed the warrant on May 27, 2008. After the execution of the warrant, petitioner granted Nemzer some time to remove her personal effects. She abandoned the subject premises on June 3, 2008. Petitioner alleges she left the subject premises in deplorable condition. Petitioner claims it incurred damages of $3,092.82 to remedy these conditions.
The issue is whether Maher is responsible for all of Nemzer’s use and occupancy, damages incurred to remedy the conditions in the subject premises, and petitioner’s legal fees.
A landlord has no duty to mitigate damages arising from the landlord’s non-re-rental of the premises if the tenant vacates the premises before the lease expires. (See Rios v Carrillo, 53 AD3d 111, 113-114 [2d Dept 2008 op].) But when the lease has terminated and a subtenant or roommate remains in possession, the landlord has a duty to mitigate the record tenant’s damages by proceeding expeditiously with an eviction. In the instant proceeding, the lease expired on September 15, 2007. In the period after September 15, 2007, when Nemzer was holding over, petitioner had a duty to mitigate Maher’s damages by moving quickly with the eviction process. ,
Petitioner cites Stahl Assoc. v Mapes as the preeminent case on the issue. (See 111 AD2d 626 [1st Dept 1985].) In Stahl, the record tenant subleased the premises, and the landlord commenced a proceeding when the sublessee held over. (See id. at 626-628.) The Stahl court held that the record tenant has an affirmative duty to remove the subtenant upon lease termination and “that a wrongful holding over by a subtenant is to be deemed the same as a wrongful holding over of the tenant sublessor.” (Id. at 629.) Stahl does not address whether a landlord may recover use and occupancy from the record tenant during a sublessee’s holdover period.
Some case law has relied on Stahl to allow a landlord to recover use and occupancy from the record tenant for the entire holdover period. (See e.g. Chock Full O’Nuts Corp. v NRP LLC I, 11 AD3d 385, 386 [1st Dept 2004 mem]; Radin v Arthur Holding Co., 149 AD2d 576, 576 [2d Dept 1989 mem.) Another *193 group of decisions limits the record tenant’s liability for use and occupancy “only through the time of trial or . . . summary judgment.” (Fisher Ave. Realty Partners v Hausch, 186 Misc 2d 609, 611 [2d Dept 2000 mem]; accord Rubin v Academy Props. Ltd. Partnership, 9 Misc 3d 132[A], 2005 NY Slip Op 51624[U] [App Term, 1st Dept 2005 per curiam].) According to Fisher and Rubin, the record tenant is responsible for use and occupancy, but only through the time of the trial and not for subsequent use and occupancy.
This court finds under Stahl that the record tenant may not be held responsible for the nonrecord tenant’s subsequent use and occupancy if the landlord fails to sufficiently mitigate the record tenant’s damages. In the instant proceeding, Maher cannot be held responsible for Nemzer’s use and occupancy of the subject premises beyond January 2, 2008.
Since the expiration of Maher’s lease, petitioner has not sufficiently mitigated Maher’s damages. By the time the lease expired, Maher did all he could to remove Nemzer from the subject premises — save bringing a holdover proceeding himself. On the other hand, petitioner could have brought a holdover proceeding against Nemzer immediately after September 15, 2007. The 30-day notice of termination was unnecessary because no rent was paid after September 15, 2007; petitioner could have gone right to a petition and notice of petition. Despite petitioner’s waiting until December 7, 2007 to begin this proceeding, the court proceeded swiftly. On the parties’ first appearance, on December 21, 2007, the Honorable Oymin Chin adjourned the case for trial to January 2, 2008. This court both heard the trial and issued its final judgment on January 2, 2008.
After the final judgment, petitioner waited 23 days to apply for a warrant of eviction. The application was denied due to petitioner’s mistake. Petitioner then waited an additional two weeks to reapply for the warrant. After reapplication, the marshal was issued the warrant on February 14, 2008, 43 days after the final judgment. Five weeks later, on March 21, 2008, Nemzer applied for an order to show cause for a stay of eviction. This court denied Nemzer’s motion on the return date, April 1, 2008. Nemzer applied to the Appellate Term for a stay of eviction, which was denied on April 21, 2008. The warrant was finally executed on May 27, 2008. Petitioner offers no explanation for why the warrant was not executed during the five-week period between issuance of the warrant and Nemzer’s request for an order to show cause. Petitioner also offers no *194 explanation for the 36-day lapse between the Appellate Term’s denial of Nemzer’s motions for the stay and the marshal’s execution of the warrant.
The court cannot, in good conscience, hold Maher responsible for Nemzer’s use and occupancy during these periods. Petitioner proceeded slowly at every step of litigation. Petitioner could have begun a holdover proceeding immediately after September 15, 2007, but it waited until December 7, 2007. Despite this delay, the court awarded petitioner a money judgment against Maher on January 2, 2008 representing 31/2 months’ use and occupancy after he vacated the premises. The court will not award an additional sum against Maher for use and occupancy for Nemzer’s holding over. Petitioner could have applied for a warrant for eviction immediately after January 2, 2008, but it waited until February 8, 2008 to submit proper and accurate forms. Petitioner offers no explanation for the lapse in time between February 14, 2008 and March 21, 2008 or between April 21, 2008 and May 27, 2008. The court cannot hold Maher responsible for these lapses in time.
Petitioner may not seek multiple judgments against Maher for Nemzer’s continuing unauthorized occupancy. According to petitioner’s thinking, if Nemzer had continued to occupy the subject premises for the next 20 years, it could hold Maher financially responsible for that use and occupancy for those 20 years and receive numerous judgments in its favor during that time. This would violate the court’s obligation to the public and would prejudice Maher.
This court of limited jurisdiction does not have jurisdiction to award damages for remedying the alleged conditions left by Nemzer in the subject premises. That aspect of petitioner’s motion is severed for a plenary action.
As to petitioner’s motion for attorney fees, the court awards petitioner a money judgment for $2,220.25 of the $4,737.75 it seeks. (See exhibit K, invoices of Jan. 16, 2008 for $155; Oct. 31, 2007 for $600; Dec. 31, 2007 for $338.25; Jan. 31, 2008 for $627; and another $500 for other fees and costs relating to the eviction, opposing Nemzer’s orders to show cause, and petitioner’s seeking attorney fees for this motion.)