■ GREAT LOCATION NEW YORK, INC., Appellant, v 719 SEVENTH TIC 1 OWNER, LLC, Respondent, et al., Defendant. [46 NYS3d 52]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 24, 2016, which denied plaintiff's motion for summary judgment against defendant 719 Seventh TIC 1 Owner LLC (landlord), unanimously affirmed, without costs.

In a provision titled "Demolition," the commercial lease agreement between plaintiff and defendant landlord permitted the landlord to terminate the lease in the event it intended to demolish the building, provided that it gave the tenant six months' notice, and the landlord agreed to pay the tenant a surrender bonus promptly after the tenant vacated the premises, provided that the tenant "was not in default beyond any applicable grace period with respect to a provision of the lease which Landlord reasonably believes to be material." Plaintiff's subtenant remained in possession of the leased premises for 26 days after the early termination of the lease.

An issue of fact exists whether plaintiff's consequent delay in surrendering the leased premises to the landlord constitutes a material default under the Demolition provision (*see Corona Grill Corp. v 1029 Sixth, LLC*, 11 AD3d 282 [1st Dept 2004]).

An affidavit by the landlord's representative reflects that the landlord was ready to start demolition immediately after the termination of the lease, incurred carrying costs while waiting for delivery of vacant premises, and made $55,000 in incentive payments to the holdover subtenant and a sub-subtenant to mitigate damages.

Contrary to plaintiff's contention, there is nothing in the language of the Demolition provision that required the landlord to serve plaintiff with a notice to cure (*see Ahmed v C.D. Kobsons, Inc.*, 67 AD3d 467, 468 [1st Dept 2009]). Nor is the loss of payment for early termination of the lease "a 'forfeiture' as that term is used in the phrase 'the law abhors a forfeiture' " (*1029 Sixth v Riniv Corp.*, 9 AD3d 142, 150 [1st Dept 2004], *appeal dismissed* 4 NY3d 795 [2005]). Contrary to plaintiff's contention, the judgment of possession named in the lease as a remedy for a holdover tenancy is not an exclusive remedy, especially given the cumulative remedies provision in the lease. The defense of impossibility of performance does not apply to anticipated risks, such as a subtenant's refusal to vacate the premises, that can be allocated in a lease (*see Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902 [1987]).

Issues of fact also exist as to the propriety of the landlord's deductions from plaintiff's security deposit, relating, in part, to a long-running dispute as to the date on which rental payments were due, and including a deduction for the landlord's payments to the subtenant and sub-subtenant.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Acosta, J.P., Mazzarelli, Feinman and Webber, JJ.