Charles Condominiums, LLC v Victor RPM First, LLC (2025 NY Slip Op 03274)

 Charles Condominiums, LLC v Victor RPM First, LLC

2025 NY Slip Op 03274

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Manzanet-Daniels, J.P., González, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 657040/19|Appeal No. 4492-4493|Case No. 2024-03282, 2025-00712|

[*1]The Charles Condominiums, LLC, Plaintiff-Respondent,
v
Victor RPM First, LLC, Defendant-Appellant, VRE Development Inc. Doing Business as Victor Group et al., Defendants. 

L'Abbate, Balkan, Colavita & Contini, LLP, Melville (Keith J. Stevens of counsel), for appellant.
BraunHagey & Borden LLP, New York (Jeremy A. Cohen of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered January 13, 2025, which granted plaintiff condominium sponsor's motion for leave to renew, and upon renewal, granted plaintiff partial summary judgment as to liability on its breach of contract claim, and denied defendant Victor RPM First, LLC's (Victor) cross-motion for leave to renew, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about April 8, 2024, unanimously dismissed, without costs, as defendant is not an aggrieved party with standing to appeal that order.
Concerning the April 8, 2024 order denying plaintiff's summary judgment motion, "[a]n appeal may be taken only by a party 'aggrieved' by an order or judgment" (Cruz v Angamarca, 235 AD3d 485, 485 [1st Dept 2025], quoting CPLR 5511). However, Victor was "not aggrieved" by that order since it "did not move for any relief that was denied," and it "successfully opposed" plaintiff's motion (Cruz, 235 AD3d at 485). That the order appealed from "may contain language or reasoning" that Victor deems adverse to its interest does not accord it standing to take an appeal (Cruz, 235 AD3d at 486 [internal quotation marks omitted]).
As to the January 13, 2025 order, Supreme Court properly granted plaintiff summary judgment upon renewal (see First Mercury Ins. Co. v Nova Restoration of NY, Inc., 203 AD3d 598, 599 [1st Dept 2022]). "When sophisticated parties enter into a contract, the contract should be enforced according to its terms" (301 E. 60th St. LLC v Competitive Solutions LLC, 217 AD3d 79, 84 [1st Dept 2023]). "[I]f the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract" (Greenfield v Philles Records, 98 NY2d 562, 569-570 [2002]). "Interpretation of unambiguous contracts is a question of law and a proper function of the court on a motion for summary judgment" (301 E. 60th St. LLC, 217 AD3d at 84).
Here, Development Agreement § 2 requires Victor to "perform, or cause to be performed, all of the work necessary to construct and build-out the Project and supply all of the materials and finishings in connection therewith (. . . the 'Project Work') in accordance with the plans and specifications" that were "agreed upon" between plaintiff and Victor. This section further provides that the "Project Work shall comply with . . . the Construction Loan Documents." Two of the referenced Construction Loan Documents, specifically, Building Loan Agreement and Soft Costs Loan Agreement § 10(b), require that "the development, construction, equipping and finishing of the Project . . . will be completed in a good and workmanlike manner with materials of high quality in accordance with the Approved Plans, [and] free of defects." Thus, the Development Agreement, by reference to the Construction Loan Agreements, is "a clear, complete document" evincing Victor's responsibility for constructing a building free from defects, which must "be enforced [*2]according to its terms" (Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]).
The language of Development Agreement § 5(b) further supports plaintiff's argument regarding Victor's contractual obligation, as thereunder, Victor "shall be solely responsible for the supervision of all of the Project Work."
Supreme Court also appropriately disregarded extrinsic evidence proffered by Victor (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990] ["before looking to evidence of what was in the parties' minds, a court must give due weight to what was in their contract"]). The obligations of other parties in contracts to which Victor is not a party have no bearing on the clear terms of the Development Agreement.
We note that, in its cross-motion, Victor appropriately proffered two guaranties as additional Construction Loan Documents. However, these documents have no bearing on Victor's responsibilities under the Development Agreement. Instead, they provide plaintiff's lender with guarantees that the new construction will be completed and that any repairs or liabilities arising from condominium unit owners' defect claims will be performed or paid.
Supreme Court properly found no triable issue of fact that the building construction was defective. Victor admitted that a pipe that burst on the 16th floor caused damage to several floors, and that experts Victor hired on plaintiff's behalf found a variety of construction defects.
Contrary to Victor's contention, the Development Agreement does not limit Charles to the sole remedy of contract termination since Section 9(e) does not apply to this situation, but rather where there is an event of monetary default. The Development Agreement otherwise provides that Charles's rights and remedies are cumulative (see e.g. Great Location N.Y., Inc. v 719 Seventh TIC 1 Owner, LLC, 146 AD3d 680, 681 [1st Dept 2017]).
We have considered Victor's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025