■ BME Three Towers, Inc., et al., Respondents, v 225 East Realty Corp. et al., Appellants. [772 NYS2d 7]—

Order and judgment (one paper), Supreme Court, New York County (Barbara Kapnick, J.), entered on or about June 16, 2003, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment dismissing defendants' counterclaim for adverse possession and declared that plaintiff 200 East 135th Street, LLC is the sole and exclusive lessee of the premises and granted plaintiffs immediate possession of the encroached premises and ordered defendants to immediately vacate and remove all fences and building materials, etc. from the encroached premises and ordered a trial on damages, unanimously reversed, on the law, with costs, plaintiffs' motion denied and the matter remanded for further proceedings.

This is an action seeking ejectment from an approximately 40 foot by 150 foot area (the encroached area) in the northeast portion of a 6.3 acre parcel on East 134th Street between Park Avenue and the Major Deegan Expressway in the Bronx adjoining another parcel now owned by defendant 225 East Realty Corp. and occupied by defendant Bridge Building Supply. It is undisputed that at the time 225 East Realty acquired its parcel, the encroached area was not included in the metes and bounds description in the deed conveyed by its predecessor in interest, 2441 Third Avenue Corp.

In finding for plaintiffs, the motion court found that, even assuming that 2441 Third Avenue Corp. was in continuous possession of the encroached area for the 10-year statutory period, it abandoned the encroached area when it sold the adjoining premises to defendants and failed to include the encroached area in its deed. However, "[t]he rule is that successive adverse possessions of property omitted from a deed description, especially contiguous property, may be tacked if it appears that the adverse possessor intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed. . . . Because the possessory title is entirely an incident of the adverse holder's possession, transfer of that possession, even by parol, effects a transfer of the possessory interest" (*Brand v Prince*, 35 NY2d 634, 637 [1974] [citations omitted]).

Thus, although the acquisition of title to land by adverse pos-

session is not favored and the adverse possessor must prove by clear and convincing evidence that the character of the possession is "hostile and under a claim of right, actual, open and notorious, exclusive and continuous" for the statutory period of 10 years (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996] [citation omitted]; *see also Joseph v Whitcombe,* 279 AD2d 122, 125-127 [2001]), the motion court's finding of abandonment is not supported by the present record and summary judgment on the issue of adverse possession was not warranted since questions of fact and credibility as to the nature and duration of the alleged adverse possession are presented by, among other evidence, the conflicting affidavits of 2441 Third Avenue Corp.'s principal. Concur—Nardelli, J.P., Tom, Andrias, Rosenberger and Friedman, JJ.