Gelles v Sauvage (2025 NY Slip Op 00155)

Gelles v Sauvage

2025 NY Slip Op 00155

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Index No. 22380/15 Appeal No. 3464 Case No. 2023-03369 

[*1]Amy Gelles, Plaintiff-Respondent,
v
Pierre P. Sauvage etc., Defendant-Appellant.

Law Offices of Fred L. Seeman, New York (Ryan Marrano of counsel), for appellant.
Higgins & Trippett LLP, New York (Thomas P. Higgins of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered February 23, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on her cause of action to quiet title and declaring that plaintiff acquired title by adverse possession to a portion of defendant's property occupied by a structure referred to as the stone garage, unanimously affirmed, with costs.
In 1997, plaintiff acquired property in the Fieldston section of the Bronx (the Gelles property), which abutted a property owned by defendant's decedent, Maria Sauvage. In April 2015, Maria hired workers to demolish the part of the stone garage that was within her property boundaries and, shortly thereafter, plaintiff commenced this action to quiet title to the area where the stone garage sat on Maria's property, based on her claim that she had acquired the stone garage area by adverse possession during the 10 years following her acquisition of her property.
To prevail on a claim of adverse possession, the possessor must establish that the character of the possession is: (1) hostile and under a claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for a period of at least 10 years (Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012]; RPAPL 501). Additionally, where a claim of right is not based on a written instrument, former RPAPL 522, which the parties agree applies, requires that the land must have been "usually cultivated or improved" or "protected by a substantial enclosure." The claiming party is required to prove each element by clear and convincing evidence (Becker, 19 NY3d at 81; see BME Three Towers v 225 E. Realty Corp., 3 AD3d 444, 445-446 [1st Dept 2004]).
Defendant does not challenge the elements of actual and open and notorious possession by plaintiff, but he contends that plaintiff failed to establish entitlement to summary judgment based on adverse possession pursuant to former RPAPL 522 and did not establish the elements of continuous, hostile, and exclusive possession.
As to former RPAPL 522, plaintiff submitted evidence that the stone garage, which has been present since plaintiff bought the Gelles property, had three walls made of 18-inch-thick stone, a roof, a floor, and (at one point) doors. Moreover, she submitted evidence that in 2005-2006, her husband poured new concrete in the garage, pointed the exterior walls, and installed new roofing. Based on these facts, plaintiff has satisfied the requirements of former RPAPL 522 by showing that the area was "protected by a substantial enclosure" and improved (see 168-170 Flushing Ave, LLC v February 22, LLC, 165 AD3d 742, 743 [2d Dept 2018]; Megalli v Yeager, 167 AD3d 860, 862 [2d Dept 2018]).
As to continuous possession for the requisite 10-year period (see RPAPL 501; CPLR 212[a]), plaintiff submitted evidence that she and her husband continuously used the garage for either rental purposes, the proceeds of which went [*2]exclusively to plaintiff, or personal parking and storage since they took ownership of the Gelles property in June 1997. They also aver that they made marked improvements to the garage in 2005-2006. Their affidavits are neither equivocal nor open to opposing presumptions. Thus, plaintiff met her prima facie burden of producing clear and convincing evidence of continuous occupancy for the requisite period. Moreover, defendant failed to present any direct evidence that plaintiff did not continuously occupy the stone garage area.
As to hostile possession, "[a] party . . . is not required to show enmity or specific acts of hostility" (Becker, 19 NY3d at 81 [internal quotation marks]). Rather, "[a] rebuttable presumption of hostility arises from possession accompanied by the usual acts of ownership" (id.). Plaintiff averred and testified at her deposition that she never sought or received permission from Maria to use or improve the stone garage area and had no agreement, oral or written, to use it. However, plaintiff rented out, used and improved the garage since 1997. Moreover, her husband averred in an affidavit and testified that, in 2006, when Maria and her son, defendant, asked him if they could park their car in the garage, he unequivocally denied the request. Thus, plaintiff submitted sufficient evidence to raise a presumption of hostile possession since acquiring the Gelles property.
Defendant admits that he did not have personal knowledge as to whether Maria ever gave plaintiff permission to park on her property. Defendant points out that, "where there is a close and cooperative relationship between the record owner and the person claiming title through adverse possession, the presumption of hostility may not apply" (id. at 82). However, plaintiff testified that the Gelleses did not have a good relationship with the Sauvages, which defendant also confirmed at his deposition. Thus, defendant failed to rebut the presumption of hostility.
As to exclusive possession, in order to demonstrate "exclusive" possession, the party claiming adverse possession "must alone care for or improve the disputed property as if it were his/her own" (Becker, 19 NY3d at 83). Where the adverse possessor "permits others to use the property, exclusivity exists where the claimant's use of the property is separate and exclusive from the general use" (id. [internal quotation marks omitted]). The same evidence that establishes that plaintiff's use of the stone garage was continuous and hostile, provides clear and convincing evidence that her use was also exclusive. Additionally, both plaintiff and her husband attested that they had used the garage exclusively for their own purposes since they stopped renting it.
In opposition, defendant asserts that exclusivity is countered because Maria demolished the stone garage in 2015, thereby exercising her own control and maintenance of it. However, that occurred 18 years after plaintiff began using the stone garage, well after [*3]her adverse possession claim ripened, and thus is insufficient to counter plaintiff's prima facie showing of exclusive use.
Accordingly, plaintiff established all elements of her claim and the court properly granted plaintiff's motion for summary judgment on her quiet title claim and for a
declaration of ownership of the stone garage area encroaching into the Sauvage property.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025